**KENTUCKY BAR ASSOCIATION,
Complainant,**

v.

**John Lawler HASH, Respondent.**

**No. 97–SC–1085–KB.**

Supreme Court of Kentucky.

Feb. 19, 1998.

---

### ORDER OF DISBARMENT

The Kentucky Bar Association has filed a Petition for Reciprocal Discipline pursuant to SCR 3.435 seeking an Order of Reciprocal Discipline identical to that of the North Carolina State Bar's Disciplinary Hearing Commission, namely disbarment, against Respondent, John Lawler Hash of Nashville, Tennessee. The Respondent has failed to respond.

John Lawler Hash was admitted to the practice of law in the Commonwealth of Kentucky on motion and by order of February 3, 1982. Respondent Hash was admitted to the State Bar of North Carolina on September 8, 1989.

On August 13, 1997, the Disciplinary Hearing Commission of the North Carolina State Bar, the entity which governs lawyer discipline matters pursuant to Chapter 84 of the General Statutes of North Carolina, entered a decision and order after hearing in the matter styled *The North Carolina State Bar v. John L. Hash,* 96 DHC 16, disbarring John L. Hash from the practice of law, effective 30 days following entry of the order.

Respondent was found by the Disciplinary Hearing Commission of the North Carolina State Bar to have violated Rule 1.2(a) of the Rules and Regulations of the North Carolina State Bar which provides that it is professional misconduct for a lawyer to "violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another." Respondent was also found to be in violation of Rule 2.6(d) of the Rules and Regulations of the North Carolina State Bar, for having improperly divided a legal fee with a lawyer not associated in the same firm, which provides that, "A division of fee between lawyers who are not in the same firm may be made only if: (1) the division is in proportion to the services performed by each lawyer, or by written agreement with the client, each lawyer assumed joins responsibility for the representation; (2) the client is advised of and does not object to the participation of all the lawyers involved; and (3) the total fee is reasonable." Rule 1.2(a) of the Rules and Regulations of the North Carolina State Bar is equivalent to SCR 3.130–1.2(a) and Rule 2.6(d) of the Rules and Regulations of the North Carolina State Bar is equivalent to SCR 3.130–1.5(e).

Pursuant to SCR 3.435, Respondent is subject to reciprocal discipline and has been disbarred by the Disciplinary Hearing Commission of the North Carolina State Bar. Therefore, the Court grants the Petition for Reciprocal Discipline and hereby orders that:

1) Respondent, John Lawler Hash, shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2) Hash shall not file an application for reinstatement for a period of five (5) years next succeeding the date of this Order.

3) Any application for reinstatement shall be governed by SCR 3.520, the rule providing for reinstatement in case of disbarment or any subsequent amendment or successor to that rule in effect at the time of the application for reinstatement.

4) Any disciplinary proceedings now pending against Hash shall be terminated and the cost thereof shall be paid by him in accordance with SCR 3.450(1).

5) Pursuant to SCR 3.390, Hash is hereby ordered to provide notice to any clients he is currently representing of his inability to provide further legal services, to notify all courts in which he has matters pending of this disbarment, and to provide the Director of the Kentucky Bar Association with a copy of all such notice letters, or with a certification that he has no active clients, whichever is applicable.

All concur.

Entered: February 19, 1998.

> Robert F. Stephens
> CHIEF JUSTICE